## The COMMONWEALTH for the use of THOMAS BEALE'S Administrators, *against* THOMAS HENDERSON.

An administration account stated and filed in the Register's office, is not a compliance with a recognizance, conditioned for the settlement of an account; and upon a suit brought upon that recognizance, by one of the heirs of the estate, which the administrator represented, he is entitled to recover nominal damages, although the jury may believe that his interest in the estate had been paid to him.

It is error to submit a motion of law to the jury.

WRIT of error to Mifflin county.

In the court below this was an action of debt brought upon a recognizance; and the following were all the facts of the case.

*Thomas Gilson*, in 1817, died intestate, leaving real and personal estate, and several children, one of whom was married to *Thomas Beale*, the plaintiff's intestate. In the year 1818, *Thomas Beale*, obtained from the Orphans' Court of Mifflin county, a citation to *David* and *William Gilson*, who were the administrators of *Thomas Gilson*, to appear and settle an account of their administration: at subsequent terms an attachment and *alias* attachment were awarded against them, upon the latter the sheriff on the 7th March, 1819, brought the said *David* and *William Gilson* into court. *Thomas Henderson* the defendant, then entered into the recognizance, upon which this suit is brought, in the sum of three thousand dollars; on condition "that the said *David Gilson* and *William Gilson* should appear at the Orphans' Court, to be held the third Monday of April next, and settle an account of their administration of the estate of *Thomas Gilson*, deceased." This was the plaintiff's case, upon showing which, he rested.

The defendant then exhibited an account of the administration of the estate of *Thomas Gilson*, deceased, by his administrators, *David* and *William Gilson*, which had been filed by them, in the Register's office of Mifflin county, on the 16th March, 1819; but which had never been approved or confirmed by the Orphans' Court.

Upon this evidence, the court charged the jury as follows: "We are of opinion that in point of strict law the plaintiff is entitled to recover; but if the jury believe that *Thomas Beale* was satisfied, we leave it to them to say whether the plaintiff is entitled to one farthing; and if they think proper, they may find a general verdict for the defendant."

Exception was taken by the plaintiff to this charge, and it was assigned as error in this court.

*Fisher*, for plaintiff in error.

*Hale*, for defendant in error.

PER CURIAM.—The judgment of the court of Common Pleas is reversed, because the court left the determination of the law to

(The Commonwealth for the use of Thomas Beale's administrators, *v.* Thomas Henderson.)

the jury. It is apparent that the plaintiff is entitled to, at least, nominal damages; notwithstanding which the court left it to the jury to say whether the plaintiff was entitled to one farthing; and instructed them that if they believed *Beale* was satisfied, they might find a general verdict for the defendant. In this there was manifest error.

Judgment reversed, and a *venire de novo* awarded.